Vilas & Bacon *agt.* Jones & Piercy.

---

VILAS & BACON, appellants, *agt.* JONES & PIERCY, respondents.

## Questions discussed.

1. Where complainants—sureties upon a promissory note—in an action at law against them, the payor having set up the defence of *usury*, which complainants were unable to prove on the trial, by reason of their principal witness, the payee of the note, who was not plaintiff on record, swearing that he was *plaintiff in interest,* (complainants not having verified their notice under the usury act of 1837,) and excluded as a witness in chief on that ground, and thereupon judgment passed against the complainants,

Whether they could, after such a judgment, be relieved in equity, by alleging in their bill, and setting forth as the ground of their complaint, the usury and these facts?

2. Whether the usurious agreements, executed and executory, for the extension of the time of payment of the note given by the payee to the payor, the principal debtor, without the consent of the complainants, as sureties, discharged them, and entitled them to the relief sought by the bill?

3. Whether *sureties* on a note are to be deemed " *borrowers* " within the equity of the act of 1837, as far as it regards the remedy given by that act?

THE bill in this cause was filed by Royal Vilas and William Bacon against Timothy Jones and William Piercy: and al-

leged, that on or about the 23d of April, 1839, at Ogdens-
burgh, in the county of St. Lawrence, it was corruptly, and
contrary to the form of the statute, agreed by and between
Timothy Jones, of the town of Lisbon, in said county, farmer,
and Harvey Church, of Ogdensburgh, aforesaid ; that said Jones
should lend, and advance to said Church the sum of $200 ;
and that said Jones should forbear and give day of payment
thereof to said Church, from the day of lending and advancing
the said money, for the space of six months, then next ensuing,
for certain usurious interest, to be to him, in that behalf, paid
by the said Harvey Church, at the rate of ten per cent. per an-
num ; and it was further, corruptly and contrary to the statute,
agreed between said Jones and said Church, that, for the pur-
pose of securing the repayment to said Jones of the said sum
of $200 so to be loaned, together with the usurious interest
thereon, at the rate aforesaid, the said Church should make
his certain promissory note, in writing, payable six months
after date, for the said sum of money so to be loaned, together
with the said sum of ten dollars, making the whole sum $210 ;
and should procure said Vilas & Bacon to sign the said note
as sureties with said Church, and should deliver said note, so
signed, to said Jones, for said sum of $200.

The bill stated that, in pursuance of such agreement, said
Jones did lend and advance to said Church said sum of $200,
and, for securing the payment thereof, said Church, together
with said Vilas and Jones, as his sureties, executed and delivered
to said Jones their joint and several promissory note, bearing
date April 23, 1839, payable to said Jones or order, in six
months, for $210 ; that Vilas and Jones executed said note as
sureties for said Church, and not otherwise, and added the
word " surety " to their signatures thereto.

The complainants alleged that, by reason of the ten dollars
agreed to be given and paid by said Church, for the loan or
forbearance of said sum of $200 for the time aforesaid, and in-
cluded in the said note, exceeding the rate of seven dollars
upon one hundred dollars for one year, the said note was usu-
rious and void.

Vilas & Bacon *agt.* Jones & Piercy.

The bill stated that, on or about the day when the said note became payable, it was further corruptly and unlawfully agreed, by and between the said Jones and said Church, that said Jones should forbear and give day of payment of the said sum of money, in the said note specified, for the further term of six months; and that said Church, for such forbearance, should pay to said Jones the sum of ten dollars.  And that said Church, in pursuance of such agreement, gave to said Jones the sum of ten dollars ; and in consideration thereof, said Jones, without the knowledge or consent of the complainants, agreed with said Church to forbear and give further day of payment of said note for six months then next ensuing.  And complainants insisted, that by reason thereof, they were in equity discharged from all liability on said note ; and the same became, and was, void for usury.

The bill stated that, on or about the 23d of April, 1840, a like corrupt and unlawful agreement was made, entered into, and consummated by and between said Jones and said Church, that said Jones should forbear and give day of payment for six months thereafter, on payment of the further sum of ten dollars.  And that, on or about the 23d October, 1840, a similar agreement was entered into, and consummated between said Jones and said Church, for a further extension of the time of payment of said note for six months thereafter.  And on or about the 23d of April, 1841, a like agreement was entered into, and consummated between said Jones and said Church, for the forbearance of payment of said note for six months thereafter, said Church paying seven dollars, and agreeing to pay three dollars more at a future time.  And that, on or about the 23d October, 1841, a like agreement in all respects, between said Jones and said Church, was entered into and consummated for the forbearance of payment of said note for six months thereafter, said Church agreeing to pay ten dollars at a future day ; and whereof, five dollars was paid in the month of October, 1841.  All of said agreements alleged to be without the knowledge or consent of complainants, or either of them, whereby, and by reason of each of said extensions, said

Vilas & Bacon *agt.* Jones & Piercy.

complainants were, and in equity ought to be, discharged from all liability on said note ; and the same became, and was, void for usury.

The bill alleged that, at the time when said note became due and payable, said Church was in good circumstances, and the note might have been collected of him, if sued with due diligence after the same became due ; but at the time of the expiration of the last extension, or day of payment, said Church had become and was then wholly insolvent.

The bill further stated that, on the 11th April, 1842, a suit was commenced in the court of common pleas, in the county of St. Lawrence ; wherein William Piercy, grocer, of Ogdensburgh, was plaintiff, and said Vilas, Bacon and Church were defendants, of a plea of trespass on the case upon promises, by filing a declaration and service of copies pursuant to the statute ; by which the plaintiffs declared upon the aforesaid note of $210, made payable and delivered to said Jones as aforesaid. And said declaration alleged that said Jones, to whom, or to whose order, the payment of the said sum of money in the said promissory note specified was to be made, after the making thereof, and before payment of the said sum of money specified, endorsed the said promissory note, and ordered and appointed the said sum of money, in said note specified, to be paid to said plaintiff, and then and there delivered the said promissory note, so endorsed, to said plaintiff ; whereby it was averred that said Church and complainants became liable to pay to said plaintiff the said sum of money in said promissory note specified, &c.

It was also stated that said complainants appeared in said suit, and pleaded the general issue, and gave notice, without verification, that they would insist upon, and prove, upon the trial of said cause, in bar of the plaintiff's action against them, the facts herein before in substance stated, showing the said note to be void for usury, and to have been given upon a usurious consideration ; and, also showing that said Jones, for the consideration herein before mentioned, forebore and gave day of payment of the money mentioned in the said note, to said

Vilas & Bacon *agt.* Jones & Piercy.

Church, for the space of six months, at several different times, (naming them,) after the same had become due and payable, by the terms and conditions thereof, without the knowledge or consent of the complainants.

On the 12th of May, 1842, said cause was brought to trial. That complainants caused said Timothy Jones to be duly subpœnæd as a witness to attend said trial, on the part of said complainants, and expected to be able to prove and establish by his testimony, all and every of the facts herein before stated, relative to the giving of the said note, the consideration thereof, the usurious interest paid and agreed to be paid thereon, and the extension given to the said Church, without the consent of the complainants ; and all the other facts herein stated, necessary to be shown, to establish a good and perfect defence in said suit. That on the trial of said cause, said Jones was called as a witness, and being, at the instance of plaintiff's counsel, sworn as to his interest in the event of said suit, on his *voir dire* oath, did testify that he was the owner of the said promissory note, that the said suit was brought for his benefit, and that the said William Piercy had no interest therein, and he did thereupon object to give evidence as a witness in said cause. And the court sustained the objection, and gave their opinion, and decided that said Jones could not be examined, or sworn in chief, as a witness in the said cause, without his consent. That previous to the trial, one of the counsel for complainants applied to said Jones, to learn who was the owner of said note ; and said Jones informed him that he had sold the said note to said William Piercy, and that he was then the owner of it. That complainants believed they should be entitled to the benefit of the testimony of said Jones on said trial. That the facts stated, relative to the consideration of said note, and the giving further day of payment thereon, rested exclusively in the knowledge of said Jones and said Church, and could not be proved by the testimony of any other person; therefore the complainants were unable to prove, and establish the matters of their defence on said trial at law. And the plaintiff obtained a verdict therein against the complainants

herein, for $197.34 damages, being the amount claimed to be due on said note, and six cents costs; upon which judgment was afterwards perfected against said complainants and said Church, with $40 costs.   That said Church suffered judgment to pass against him by default, and refused to put in a plea, or defend said suit, or to join with complainants in this bill of complaint, to be relieved from said judgment.   That on the 14th June, 1842, complainants did execute under their hands and seals, and deliver a good and sufficient release and discharge, to said Church, of and from all liability to complainants, for or by reason of complainants having executed with him said promissory note, or by reason of any suit brought, costs or damages incurred, or judgment recovered in consequence of such note.

That said Church did, on the 17th of March, 1842, present his petition to the district court of the United States, for the northern district of New-York, applying for the benefit of the act of congress, entitled " An act to establish a uniform system of bankruptcy throughout the United States," passed August 19, 1841.   And on the 6th of May, 1842, said Church was, by a decree of said court, duly declared a bankrupt; and that he did, on the 16th of May, 1842, present to said court his peti- tion, praying a full discharge from all his debts.   And com- plainants believed said Church would receive such discharge before an order to take proofs could be entered in this cause; so that said complainants could have the benefit of his testi- mony, to prove and establish the facts herein before set forth, relative to said note.

The bill called for an answer to its allegations without oath; and a discovery from defendants respecting the usurious trans- actions alleged.   And for an injunction restraining defendants from proceeding to execute or collect the judgment aforesaid.

After the bill, followed an affidavit of Harvey Church, swearing to all the circumstances as alleged, in the stating part of the bill in reference to the usury, and affirming the same as true.

The defendants respectively demurred, generally, to the bill

for want of equity. The cause was referred to assistant vice-chancellor SANDFORD, of the first circuit, who, on the 21st of July, 1843, allowed the demurrers and dismissed the bill.

The chancellor, on appeal to him, on the 22d of January, 1844, affirmed the decree of the assistant vice-chancellor, with costs.

Vilas & Bacon, the complainants, appealed to the court of errors, which appeal was afterwards duly transferred to this court.

*William C. Brown, attorney,* and
*Samuel Stevens, counsel,* for appellants.

*First.* The bill of complaint in this case, sets forth two grounds or causes for the relief prayed. If the complainants are entitled to the relief prayed upon either of the grounds or cases made by the bill, the demurrers, being general to the whole bill, must be overruled. (*Story's Eq. Plead.* § 443 ; *Kimberly* v. *Sells,* 3 *J. C. R.* 467 ; *Castleman et al* v. *Veitch,* 3 *Randolf,* 599 ; *Varrick* v. *Smith,* 5 *Paige,* 137, 160.)

*Second.* The complainants are entitled to the relief prayed, on the ground of usury stated in the bill, and admitted by the demurrers to be true.

1. The note which the complainants signed as sureties for Church, was most clearly void for usury. The complainants are to be deemed the borrowers within the equity of the act of 1837, as far as it regards the remedy given by that act. (*Laws of* 1837, *p.* 487 ; *Perine et al* v. *Striker,* 7 *Paige,* 598.)

2. The complainants were unable to avail themselves of this defence in the suit at law. Church was made a joint defendant with the complainants in the suit at law, and, therefore, could not be examined as a witness. Jones, the payee of the note, although he declared before the trial that he had sold the note to Piercy, the plaintiff on the record at law, yet, on the trial, he swore he then was and always had been the owner of the note, and that the suit was brought in the name of Piercy for his (Jones') benefit, and refused, for that reason, to be ex-

amined as a witness for the defence in the cause, and the court decided that he could not be examined as a witness by the defendants in the suit at law, without his consent. (*Cook* v. *Spaulding*, 1 *Hill*, 586.)

These two were the only witnesses by whom the defence could be proved. This presents a case upon which a court of equity will relieve after judgment. (*Norton* v. *Woods*, 5 *Paige*, 249 ; *Morse* v. *Hovey*, 1 *Barbour's Ch. Rep.* 404.)

☞ We had not sworn to usury, and so could not call plaintiff. Besides, the law, *as then settled*, could only call plaintiff on record. Subsequent change of law (reversal) should not prejudice complainants. [Don't state that relied on representation of Jones that he had sold the note. And did not, in fact, rely on it, but called Jones. Besides, bill don't allege that defence was not sworn to. Finally, if did not give notice and make affidavit, was his own neglect.] ☜

3. Church is not a necessary party to the bill. He suffered judgment by default in the suit at law. He refused to join in this bill for relief on account of the usury. He is therefore too late to obtain any relief in this court ; none is prayed for him, and none could be granted to him on this bill. The complainants have released him from all liability to them. Any decree that could or can be pronounced in this cause, could in no manner affect his liability, on the judgment obtained against him at law. He, therefore, being entitled to no relief himself, and none of the parties being entitled to any relief or decree against him, it is difficult to conceive what principle of equity would make him a necessary party to the suit. (*Story's Eq. Plead.* § 231.)

Whether he would be a competent witness on the part of the complainants to prove the usury alleged, or whether the complainants will be able in any way to prove the case made by their bill, are not questions which can by possibility arise on this demurrer.

The omission to make a person a party to a bill, who is entitled to no relief himself, against whom no relief or decree can be had by any party, and who has no interest whatever in

the suit, can at most be mere matter of form, and objections to matter of form cannot be taken *ore tenus* on the argument of a demurrer. (*Story's Eq. Plead.* §§ 443, 455, 229.)

*Third.* But the objection that Church is a necessary party, if at all tenable, only goes to defeat the right to relief on the ground of usury. He is not a necessary party to relief on the ground that the complainants, as sureties, have been discharged, by the agreement between the principal debtor and the creditor, to extend the time of payment, without the consent of the parties. (*Miller* v. *M'Can,* 7 *Paige,* 491 ; *Varrick* v. *Jackson,* 2 *Wendell,* 201.)

One good ground for relief is sufficient to sustain the bill, although a dozen untenable grounds may be stated in it.

*Fourth.* The extension of the time of payment given by Jones, the creditor, to Church, the principal debtor, without the consent of the complainants, who were mere sureties, discharged them, and entitles them to all the relief sought by the bill. (*Rathbone* v. *Warren,* 10 *J. R.* 587 ; *King* v. *Baldwin,* 17 *J. R.* 384; *Miller* v. *M'Can,* 7 *Paige,* 451; *Burge on Suretyship,* 197, 211.)

It is therefore humbly submitted, that the decree of the court of chancery should be reversed.

☞ REPLY.—*Clarke Rep.* 517—[*Edwards*—that has been reversed in chancery]—(*Paige,* 226;) [*Stevens*—no matter, I wish to show how jurists have regarded this matter.]☜

Charles G. *Myers, attorney,* and
James Edwards, *counsel,* for respondents.

*First.* The appellants, having suffered judgment at law to pass against them, on a trial upon matters which, if proved, constituted a defence at law, and of which they were fully cognizant before the trial, cannot be relieved from such judgment in equity. (*Simpson* v. *Hart,* 1 *Johns. Ch. R.* 91 ; [14 *J.* 63 ;] *Gelston & Schenck* v. *Hoyt,* 1 *Johns. Ch. R.* 543 ; *Barker* v. *Elkins & Simpson,* 1 *Johns. Ch. R.* 465 ; *Norton* v. *Woods,* 5 *Paige,* 249 ; *Bates* v. *Bagley,* 1 *Breese's R.* 60 ; *Cown* v. *Price,*

Vilas & Bacon *agt.* Jones & Piercy.

1 *Bibb's R.* 173 ; *Penny* v. *Martin,* 4 *Johns. Ch. R.* 566 ; *Northrup & al.* v. *Survivor of Lane & al.,* 3 *Dessausure's Rep.* 324 ; *Bateman* v. *Wilson,* 1 *Sch. & Lefroy R.* 201, 204 ; *Williams* v. *Lee,* 3 *Atkins' R.* 223 ; *Green* v. *Dodge & al.,* 6 *Ham. R.* 80 ; *Thompson* v. *Berry & al.,* 3 *J. Ch. R.* 395 ; *Thompson* v. *Berry & al.,* 17 *J. R.* 446, *on appeal ; Duncan* v. *Lyon,* 3 *J. Ch. R.* 351 ; *Campbell* v. *Morrison,* 7 *Paige R.* 157 ; *M'Vicker* v. *Woolcot,* 4 *J. R.* 510 ; *Cowen & Hill's Notes,* 949, 950 ;) [6 *John. Ch.* 87.]

☞ Only exceptions, 1, where verdict obtained by fraud—2, surprise or accident, which could not be guarded against. *Laws* 1837, *p.* 487, § 3—might file bill against real party—every person. ☜

*Second.* The appellants, coming into this court to set up a defence which they might have interposed at law, must do equity before asking it ; and as the verdict was for no more than the original loan with the lawful interest on it, after deducting the payments, equity will not relieve them therefrom on the ground of usury.

☞ [*Mr. Stevens*—I will admit verdict is for no more than sum loaned and interest—deducting all the payments.] *Edwards*—that fact will fully appear by calculation from facts stated in the bill. [*Stevens*—made admission in answer to that suggestion.] ☜

*Third.* If the court erred in excusing Jones from testifying, the remedy was by a bill of exceptions, and not by a bill in equity. (*Henry & Pierce* v. *The Bank of Salina,* 5 *Hill,* 523 ; *Stevens* v. *White,* 5 *Hill,* 548.)

DECISION.—*Decree affirmed. For affirmance*—JEWETT, Ch. J. ; BRONSON, GARDINER, RUGGLES, and GRAY, JJ. *For reversal*—JONES, JOHNSON and WRIGHT, JJ.

NOTE.—BRONSON, J., *held,* that a bill to annul a contract on the ground of usury, would not be entertained, without the debtor did equity by returning, or offering to return, what he actually received with interest.

That, the complainants being mere sureties for the repayment of the money loaned, they did not come within the statute (2 *R. S.* 772, § 8 ; *Stat.* 1837, *p.* 487, § 4,) as "borrowers." That there was no solid ground for saying that the

Vilas & Bacon *agt.* Jones & Piercy.

word "borrower" included one who did not borrow, and who had no other connection with the transaction than that of becoming a surety for the man who did borrow.

That Church, who borrowed the money, refused to join with the complainants in filing the bill; and he was not a party to it in any form. As the bill was not filed by the "borrower," the case did not come within the provision of the statute which relieves him from the necessity of paying, or offering to pay, the money actually loaned. The complainants were entitled to no such favor, because the statute did not give it to them; and when they go into chancery, they are met by that cardinal principle of the court, that he who asks equity must do equity; and as they had not paid, nor offered to repay the money loaned, with interest, the bill was properly dismissed as far as related to the question of usury.

There was another reason why the case did not come within the statute; and that was, that the statute provided a remedy or defence, and must be understood as applying only to a remedy or defence, which is set up or pursued before the matter has passed into a judgment.

There were two reasons why this case did not come within the statute—

1st. The bill was not filed by the borrower of the money; and

2d. It was not filed until after a judgment had been recovered on the note.

And as the statute must be laid out of view, the bill was properly dismissed, because the complainants did not offer to return the money actually loaned, with interest.

Another objection was, that where a party goes into chancery, after a trial at law, he must be able to impeach the justice and equity of the verdict; and it must be upon grounds which either could not be made available to him at law, or which he was prevented from setting up by fraud, accident, or the wrongful act of the other party, without any negligence or fault on his part. The defence was available at law, and the only difficulty which the complainants met with was to prove it.

If Jones told a falsehood, in relation to the ownership of the note previous to the trial, there was no allegation in the bill, that the complainants were deceived or misled by it, or that they omitted to do anything which would have been done had Jones spoken the truth.

If Jones was excused from swearing to the usury, on the ground that he was the plaintiff in interest, and not the plaintiff on record, (*Usury Act*, 1837, § 2,) it was an error in the ruling of the judge, and the remedy was by bill of exceptions.

Also, *held*, that Church should have been made a party; that the defence of usury was common to all; the whole controversy could not be settled in this suit; for another bill might be filed by Church, and the defendants be subjected to a double litigation.

The complainants set up a second ground of defence to the note, that they were sureties for Church; and that, after the debt became due, Jones, without their knowledge or consent, gave further day of payment to the principal debtor.

The first answer to this was, that the complainants had tried, or had the op-

Vilas &'Bacon *agt.* Jones & Piercy.

portunity of trying that matter at law, where it was as good a defence as it was in equity; and no sufficient reason was shown for a subsequent appeal to the court of chancery.

Second.   Merely giving further time of payment to the principal debtor, without the consent of the surety, was no defence for the latter; time must be given in pursuance of a valid contract, founded upon a sufficient legal consideration for that purpose, which ties the hands of the creditor, so that he could not sue if he would.   In this case, Jones kept the note in his hands, and might have brought a suit upon it at any time after it fell due, unless he was restrained by some binding agreement.   Each and every extension of time mentioned in the bill, was made upon an usurious contract, such as was expressly declared to be void by statute; it has declared void *all* contracts infected with usury.   Though the debtor parts with the money, it still belongs to him; and he might sue the next moment and recover it back.

GARDINER, J., concurred in the result of the opinion delivered by BRONSON, J.; and as to all the points therein discussed, except that which holds that a surety was not a borrower within the provisions of the act of 1837.

JEWETT, Ch. J., was in favor of affirming the decree, upon the grounds—

1st. That so far as the bill sought relief on the ground of usury, he was of opinion, that after a trial at law, it was too late, under the circumstances, for the complainants to resort to a court of equity.   The bill did not pretend that they were in anywise misled by the false statement of (Jones) the payee of the note, that he had transferred it; and if they had verified their notice of the defence of usury, according to the provisions of the act of 1837, they might have called the payee, as the plaintiff in interest, and examined him as a witness.

2d.   That the alleged agreements, whether executory or executed, to forbear the payment of the note, in consideration of usurious premiums paid for such forbearance, were wholly void, and therefore could not be set up by the sureties as a ground of discharge.

*Reported 1 Comstock, 274.*